LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-422-9029
Email: David.Don@azbar.org

David J. Don (016462)
*Attorney for Plaintiff Jill Wiele*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Wiele, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Alma Park Joint Venture, L.L.C., an Arizona limited liability company, | |
| Defendant. | |

Plaintiff, Jill Wiele ("Plaintiff"), sues Alma Park Joint Venture, L.L.C., an Arizona limited liability company ("Defendant"), and its assignees and successors-in-interest, for injunctive relief, compensatory damages, attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA") and the Arizonans with Disabilities Act ("AzDA"), A.R. S. § 41- 1492, et seq.

**JURISDICTION AND VENUE**

1.      This action arises from a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Arizonans with Disabilities Act (AzDA), A.R.S. § 41- 1492, et seq.  This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343 and supplemental jurisdiction under 28 U.S.C. §

1   1367.

2       2.      Defendant is an Arizona limited liability company doing business as "Alma

3   Park" shopping center in Maricopa County, Arizona.

4       3.      Defendant received notice long ago of its obligation to comply with the ADA.

5   Defendant has had actual and constructive notice of its obligations under the ADA since

6   1993:  Actual notice by virtue of notification provided by the Arizona Department of State;

7   constructive notice by virtue of the enactment of the ADA and the associated publicity.

8       4.      Defendant owns, operates, leases or leases to others a shopping center

9   known as "Alma Park", located at the northwest corner of Alma School Road and Warner

10  Road in Chandler, Maricopa County, Arizona.

11      5.      Defendant's shopping center is a place of public accommodation.

12      6.      Venue is proper as the property which is the subject matter of this claim is

13  located at the northwest corner of Alma School Road and Warner Road, Chandler,

14  Maricopa County, Arizona and the Defendant is doing business at the northwest corner of

15  Alma School Road and Warner Road, Chandler, Maricopa County, Arizona.

16                          **PLAINTIFF AND STANDING**

17      7.      Plaintiff, Jill Wiele, is an Arizona resident and disabled.  She suffers from

18  cerebral palsy and requires the use of a wheelchair for mobility.

19      8.      Plaintiff resides in Chandler, Arizona, in the vicinity of Defendant's shopping

20  center.  She is a customer at Defendant's property and has visited regularly, including in

21  October, 2010, to enjoy the goods and services at the shopping center, as Defendant

22  offers them to non-disabled members of the public.

23      9.      Plaintiff plans to return to the Defendant's shopping center to enjoy the

24

goods, services, privileges, advantages or accommodations being offered to non-disabled members of the public, but is deterred from returning because of discriminatory conditions on the property.

10.    Plaintiff has suffered an injury under the ADA and AzDA because of her awareness of discriminatory conditions on the property and her being deterred from visiting or patronizing the public accommodations.

11.    Plaintiff's injury is concrete and particularized because she is being deterred from visiting or patronizing the shopping center.

12.    Plaintiff's injury is caused as a direct result of Defendant's failure to remove discriminatory architectural features on the property.

13.    Plaintiff's injury will be redressed by the Court's ordering the Defendant to comply with the ADA.

14.    Ms. Wiele feels fortunate that lawmakers have designed a legal remedy for disabled people, through the ADA and the AzDA, to eliminate discriminatory behavior.

15.    For a person using a wheelchair, like Jill Wiele, disability discrimination means the difference between enjoying a sense of autonomy or, on the other hand, feeling excluded and marginalized.

16.    The rationale for regulatory details found in the ADA came after years of study and fact-finding, involving at least 13 Congressional hearings, and input from over 30,000 people.  See *Board of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 390-91 (2001) (Breyer, J., dissenting).

17.    Plaintiff considers disability discrimination as serious a public and personal concern as racial, gender or religious discrimination.  For Ms. Wiele, the

choice of a business to construct or fail to remove architectural barriers to accessibility for people with disabilities is hurtful and demeaning.

18.   Defendant is in the best position and has an affirmative obligation to identify the architectural barriers on its property.

19.   The most easily visible architectural barriers to access encountered by Plaintiff at the shopping center include, among other things:

a.   In a number of locations (for example, in front of Tokyo House, Lush Lounge and El Paso Imports), the access aisle adjacent to "accessible" parking spaces contains a built-up ramp with slopes in excess of the 2% maximum for access aisles, in violation of ADA Accessibility Guidelines ("ADAAG") 4.6.3.

b.   In at least one location (outside of Chase's Diner) a curb ramp fails to connect to an accessible route, since it has no landing and the side flares have cross-slopes in excess of the 2% maximum for accessible routes, in violation of ADAAG 4.3.

20.   Further details about the architectural barriers on the property are contained in the photographs attached as Exhibit A.

21.   The identification of barriers listed above is far from comprehensive. Since most barriers involve a matter of mere inches or degrees, by their very nature, they are undetectable to the unaided eye.  To identify a less-than-obvious architectural barrier requires a person to have unfettered access to a property with tools such as a tape measure, slope reader and note pad.  Because of the nature of these barriers and lack of access to the barriers, Plaintiff requires a site inspection to provide a comprehensive list of barriers that should be removed.

22.   Defendant has, upon belief, restriped and/or resurfaced or otherwise altered the parking spaces, access aisles and parking lot in the shopping center since 1992.

23.     In addition, Defendant has, upon belief, resurfaced and/or renovated or otherwise altered the sidewalks in front of the stores in the shopping center since 1992.

24.     Defendant has further, upon belief, resurfaced or otherwise altered the curb ramps, other ramps, routes and other elements in the shopping center since 1992.

25.     As a direct result of Defendant's conduct, Plaintiff has suffered discrimination in the full and equal enjoyment of the good, services, facilities, privileges, advantages, or accommodations at Defendant's business on the basis of disability.

26.     Defendant is subjecting Plaintiff to discrimination in some or all of the following ways, namely:

   a.    denying plaintiff the opportunity to participate in or benefit from Defendant's business,

   b.    affording plaintiff a benefit that is unequal to that afforded to other people,

   c.    providing plaintiff with a separate benefit,

   d.    failing to provide plaintiff with the most integrated setting appropriate,

   e.    denying plaintiff the opportunity to participate in Defendant's programs or activities that are not separate.

   f.    failing to make reasonable modifications in policies, practices or procedures that would help people with disabilities.

   g.    failing to remove architectural barriers that are structural in nature that are readily achievable.

   h.    failing to design or construct a facility that is readily accessible to and useable by people with disabilities in accordance with the requirements of the ADAAG.

27.     Plaintiff is aware of discriminatory conditions on the property and is being deterred from visiting or patronizing the public accommodations.

28.     Defendant failed to alter its property to ensure that, to the maximum extent feasible, the altered portions comply with ADAAG and are readily accessible to and

usable by individuals with disabilities, including individuals who use wheelchairs.

29.     Defendant is obligated to remove barriers which impair a disabled person's access to the use and enjoyment of the Defendant's shopping center.

30.     Removal of each discriminatory barrier is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

31.     No condition exists on the property making it structurally impracticable for Defendant to satisfy in full the requirements of the ADAAG.

32.     Plaintiff will suffer continued discrimination if the barriers to access existing at Defendant's shopping center are not removed.

**WHEREFORE,** Plaintiff respectfully requests an order against Defendant and its assignees and successors-in-interest to include the following:

a.     A temporary injunction and a permanent injunction prohibiting the conduct of business at the shopping center until such time as the existing barriers to Plaintiff's access to the properties are removed.

b.     An order directing the removal of existing barriers to access and to make the shopping center accessible to and usable by individuals with disabilities as required by the ADA.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. 12205.

d.     Compensatory damages, under the AzDA.

e.     Such other relief as the Court deems just and proper

RESPECTFULLY SUBMITTED this 21st day of October, 2010.

**Law Offices of David J. Don, PLLC**

By: s/ David J. Don
    David J. Don
    *Attorney for Plaintiff Jill Wiele*